"[T]he skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. . . . [T]rained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial."

Petitioner therefore had a Sixth Amendment right to counsel at the hearing, no matter what that hearing was called or why Farmer requested it. The District Court's determination that Farmer represented petitioner is either contrary to law or clearly erroneous. I would grant the petition for certiorari and set the case for hearing on the merits.

No. 85–6166. Cuppay v. Blackburn, Warden, et al. C. A. 5th Cir. Motion of petitioner to defer consideration of the petition for writ of certiorari denied. Certiorari denied.

No. 84–1361. United States v. Loud Hawk et al., 474 U. S. 302;

No. 85–613. Community Health Services of Crawford County, Inc. v. Travelers Insurance Cos. et al., 474 U. S. 1056;

No. 85–787. Daves v. State Bar of Texas, 474 U. S. 1043;

No. 85–813. Minnesota Timber Producers Assn., Inc. v. American Mutual Insurance Company of Boston, 474 U. S. 1059;

No. 85–820. Norwood v. INA Life Insurance Co. et al., 474 U. S. 1059;

No. 85–5372. Levitt v. Monroe et al., 474 U. S. 1034;

No. 85–5380. Jackson v. General Dynamics, Inc., 474 U. S. 1063;

No. 85–5439. Johnson v. Manson, Commissioner of Corrections of Connecticut, 474 U. S. 1063; and

No. 85–5679. Paskuly v. Marshall Field & Co., 474 U. S. 1064. Petitions for rehearing denied.